IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **In re:** | ) |
| | ) Case No. 20-mc-65-SMY |
| **PAULA M. NEWCOMB,** | ) |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

This matter is before the Court on Attorney Paula M. Newcomb's Petition for Reinstatement (Doc. 6). The Court conducted an evidentiary hearing on the Petition on November 4, 2022.

Paula M. Newcomb was admitted to the Illinois Bar in 1989. On October 21, 2020, the Illinois Supreme Court suspended Newcomb for a period of 18 months, with the suspension stayed after 9 months followed by a 9-month period of probation subject to certain conditions (Doc. 1). The conduct leading to the suspension was Newcomb's failure to properly calendar a statute of limitation in a personal injury matter for client Jimmie Beachel (*see* Doc. 6). Instead of calendaring the statute of limitation expiration on September 11, 2017, Newcomb calendared it for September 23, 2017. *Id*. She recognized her mistake on September 15, 2017 but did not advise Beachel until January 2018. *Id*. Newcomb offered to pay Beachel $10,000 in exchange for a release of liability but failed to advise him to seek independent counsel before settling. *Id*.

On June 2, 2022, after successfully completing her probation and the required terms, Newcomb petitioned for reinstatement under Local Rule 83.4.(c), which provides:

> Petitions for reinstatement . . . under this rule shall be filed with the Chief Judge. Upon receipt of the petition, the Chief Judge shall promptly refer the petition to counsel and shall assign the matter for prompt hearing before one or more judges of this Court… The judge or judges assigned to the matter shall, within 30 days after referral, schedule a hearing at which the petitioner shall have the burden of demonstrating by clear and convincing evidence that he or she has the moral qualifications, competency, and learning in the law required for admission to practice law before this Court and that his or her resumption of the practice of law will not be detrimental to the integrity and standing of the bar or to the administration of justice or subversive of the public interest.

SDIL-LR 83.4(c).

Chief Judge Rosenstengel assigned this matter to the undersigned for a hearing, and the Court appointed Shari Rhode of the Rhode Law Firm as counsel (Doc. 7).  Rhode conducted a thorough investigation, noting her findings in a letter to the Court and recommending reinstatement.  She noted that Newcomb was candid and fully acknowledged her disciplinary history and accepted responsibility for her actions.  She further observed that Newcomb has "the competency and learning in the law, as well as the recognition of her need to bring her knowledge of any changes in the Bankruptcy rules and procedures up to date and continue to do so."  To that end, she highlighted that Newcomb's knowledge of substantive areas of the legal issues she handled were never called into question in any of her disciplinary proceedings.

Based on its review of the record, the information adduced during the evidentiary hearing, and Ms. Rhode's report, the Court **FINDS** by clear and convincing evidence that Paula M. Newcomb has demonstrated that she has the moral qualifications, competency, and learning in the law required for admission to practice law in this District and that her resumption of the practice of law will not be detrimental to the integrity and standing of the bar or to the administration of justice or subversion of the public interest.  *See* SDIL-LR 83.4(c).  The Court, therefore, **GRANTS** the Motion for Reinstatement (Doc. 6).  The Clerk of Court is **ORDERED** to **REINSTATE** Ms. Paula M. Newcomb as an attorney in good standing and to forward a copy of this Order to her at the address listed on the docket.

**IT IS SO ORDERED.**

**DATED: November 28, 2022**

**STACI M. YANDLE**
**United States District Judge**